**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                      :
CECIL O. HARVEY,                      :
                                      : Civil Action No. 05-413 (SRC)
              Petitioner,             :
                                      :
         v.                           :     **O P I N I O N**
                                      :
HOMELAND SECURITY (BICE),              :
                                      :
              Respondent.             :
_____:

**APPEARANCES**:

    CECIL O. HARVEY, Petitioner, <u>Pro Se</u>
    Hudson County Correctional Center
    30-35 Hackensack Avenue
    Kearney, New Jersey 07032

    CHRISTOPHER J. CHRISTIE, United States Attorney
    NEIL RODGERS GALLAGHER, Assistant U.S. Attorney
    970 Broad Street, Suite 700
    Newark, New Jersey 07102
    Attorneys for Respondents

**CHESLER, District Judge**

    Petitioner, Cecil O. Harvey ("Harvey"), is currently being detained by the Department of Homeland Security ("DHS"), Bureau of Immigration and Customs Enforcement ("BICE") at the Hudson County Correctional Center in Kearney, New Jersey, pending his removal from the United States.[1]  On or about January 19, 2005,

---

[1] Effective March 1, 2003, the Immigration and Naturalization Service ("INS") ceased to exist as an agency of the Department of Justice, and its functions were transferred to the Department of Homeland Security ("DHS").  <u>See</u> Homeland

Harvey filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, in which he challenges his indefinite detention as unconstitutional because it violates his rights to due process and equal protection under the law.

The named respondent is the United States Department of Homeland Security ("DHS"), Bureau of Immigration and Customs Enforcement ("BICE").  The Government filed an Answer to the petition on August 3, 2005, with a certified copy of the relevant administrative record.  Harvey filed a reply letter brief on or about August 19, 2005.

### BACKGROUND

Harvey is a native and citizen of Barbados who was admitted into the United States as a lawful permanent resident on March 4, 1972.  (Respondent's Exhibit "C").[2]  The administrative record shows that Harvey has an extensive criminal history, with 28 arrests and 13 convictions.  (RE "B").  On August 31, 1993, Harvey was convicted of criminal possession of a forged instrument.[3]  He also was convicted of criminal possession of

---

Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135 (Nov. 25, 2002).  The Bureau of Immigration and Customs Enforcement ("BICE") of the DHS is responsible for the interior investigation and enforcement functions that formerly were performed by the INS.

[2] Hereinafter, the respondent's record and exhibits will be referenced as "RE".

[3] The Board of Immigration Appeals ("BIA") found this offense an aggravated felony in its decision of May 5, 1998.

stolen property in the fifth degree on June 14, 1994, attempted petty larceny on July 19, 2000 and December 5, 2000, and possession of a controlled substance in the seventh degree on May 8, 2001.  (RE "F").

Harvey received a notice of removal in 1997 with respect to his earlier crimes.  Additional charges were entered on April 30, 2003 regarding the 2001 conviction for possession of a controlled substance.  (RE "E").  On July 7, 2004, an Immigration Judge ("IJ") ordered Harvey removed to Barbados.  The IJ also found that, based on Harvey's 2001 conviction for possession of a controlled substance, he was not eligible for any waivers or other forms of relief from removal.  (RE "E", "F").  On October 14, 2004, the BIA affirmed the IJ's decision.  Harvey filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Eastern District of New York, in which he challenged his removal order and sought a stay of the final order of removal, which was granted.  That action was transferred to the United States Circuit Court of Appeals for the Second Circuit pursuant to the REAL ID Act of 2005.  Because petitioner is confined in the State of New Jersey, he filed this detention claim in the district where his action is located.[4]

---

[4] Harvey also has a civil rights complaint pending in this district, alleging claims that he has been denied medical care while detained.  Harvey v. Ridge, et al., Civil No. 04-1221

**DISCUSSION**

**A. Standard of Review**

Harvey seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). That section states that the writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Here, petitioner challenges his continued detention since May 28, 2004.[5] Harvey claims that his indefinite detention is constitutionally impermissible because he has been denied due process guaranteed under the Fifth Amendment. He further claims that his continuing detention is unlawful because he does not pose a flight risk or danger to public safety. He alleges significant medical and financial hardships, and his close ties to the community via his marriage to a United States

---

(KSH). That action is still pending, and is not substantively related to this petition for conditional release from detention. Recently, on or about October 3, 2005, another habeas petition under 28 U.S.C. § 2241 was transferred to this district, Harvey v. Homeland Security, Civil No. 05-4792 (KSH), because Harvey seeks release from detention pending his removal from the United States. While that action may ultimately be duplicative of this case, since they both seek Harvey's conditional release from detention pending removal, it is not entirely clear whether factual circumstances differ respecting custody reviews not raised or at issue in this case.

[5] Harvey was taken into custody by the BICE on or about January 13, 2004 pursuant to a final order of deportation. Thus, he was in detention pending his removal from the United States, pursuant to 8 U.S.C. § 1231(a)(1)(B)(i), until May 28, 2004, when his case was reopened for review.

citizen for many years.  He was 15 years old when he left Barbados in 1972.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

Respondents admit that Harvey is detained pursuant to 8 U.S.C. § 1231(a), but that the circumstances of his continued detention are not similar to the circumstances that were ruled unconstitutional in Zadvydas v. Davis, 533 U.S. 678 (2001).  For instance, unlike Cambodia (the country at issue in Zadvydas), Barbados has a repatriation agreement with the United States and has not refused to admit petitioner upon his removal from the United States.  Moreover, the respondents contend that Harvey's request for a judicial stay of removal, which was granted by the court, suspended the removal period under the statute, pursuant to 8 U.S.C. § 1231(a)(1)(B)(ii).

**B. <u>Discussion</u>**

Post-removal-order detention is governed by 8 U.S.C. § 1231(a). Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a 90-day "removal period."

> The removal period begins on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Section 1231(a)(6) permits continued detention if removal is not effected within 90 days. However, the Supreme Court has held that such post-removal-order detention is subject to a temporal reasonableness standard. Specifically, once a presumptively-reasonable six-month period of post-removal-order detention has passed, a resident alien must be released if he can establish that his removal is not reasonably foreseeable. See <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001); <u>Clark v. Martinez</u>, 543 U.S. 371 (2005).

In addition, § 1231(a)(1)© provides that the removal period shall be extended, and the alien may remain in detention during such extended period, if the alien "acts to prevent the alien's removal subject to an order of removal."

Here, petitioner argues that he should not be subject to incarceration simply because he secured a stay of removal. However, it has been held that the six-month presumptively reasonable post-order removal period of Zadvydas is tolled when an alien requests judicial review of a removal order.  See Soberanes v. Comfort, 388 F.3d 1305, 1311 (10th Cir. 2004)(detention "directly associated with a judicial review process that has a definite and evidently impending termination point" is "more akin to detention during the administrative review process, which was upheld [by the Supreme Court]")(citing Demore v. Kim, 538 U.S. 510, 527-29 (2003)); Wang v. Ashcroft, 320 F.3d 130, 145-47 (2d Cir. 2003)("where a court issues a stay pending its review of an administrative removal order," the post-order detention provisions of § 1231 do not apply because "the removal period commences on 'the date of the court's final order'"); Akinwale v. Ashcroft, 287 F.3d 1050, 1052 n.4 (11th Cir. 2002)(by applying for stay, petitioner interrupted the running of the time under Zadvydas); Evangelista v. Ashcroft, 204 F. Supp.2d 405, 409 (E.D.N.Y. 2002)(petitioner's reliance on Zadvydas to be released from detention is "disingenuous" when sole reason being held is his requested stay of deportation); Hines-Roberts v. Ashcroft, 2003 WL 21305471 at *3 (D. Conn. Jun. 5, 2003)(unpubl.)(as a result of stay of deportation, Attorney General could not seek to bring about petitioner's deportation,

and therefore, period of detention does not raise due process issue presented in Zadvydas); Archibald v. INS, 2002 WL 1434391 at *8 (E.D. Pa. July 1, 2002) (unpubl.) (because petitioner asked for and was granted stay of deportation, he is not being held in violation of Zadvydas, but rather held pursuant to stay he requested). For substantially the same reasons, the respondents rely on Abimbola v. Ridge, 2005 WL 588769 *2 (D. Conn. 2005)("a self-inflicted wound cannot be grounds for a Zadvydas claim"); Guang v. INS, 2005 WL 465436 (E.D.N.Y. 2005); Sansui v. INS, 2003 WL 21696945 (E.D.N.Y. 2003), aff'd in part, remanded in part, 100 Fed. Appx. 49 (2d Cir. 2004).

Here, Harvey sought, and was granted a stay of the removal order by the United States Court of Appeals for the Second Circuit. As the stay is still in effect, the presumptively-reasonable six-month period has not yet begun to run pursuant to 8 U.S.C. § 1231(a)(1)(B)(ii). Moreover, there is no indication in the record that Harvey's removal to Barbados is not reasonably foreseeable. Travel documents have been requested and there is nothing to indicate that such travel documents will not be issued once, and if, the stay of removal is lifted. Accordingly, Harvey's continuing detention complies with the express statutory provision under 8 U.S.C. § 1231(a)(1)(B)(ii).

Nevertheless, Harvey contends that the sheer length of his prolonged detention violates his right to due process under the

Fifth Amendment. This argument was considered in <u>Oyedeji v. Ashcroft</u>, 332 F. Supp.2d 747, 753 (M.D. Pa. 2004). There, the district court noted that the "price for securing a stay of removal should not be continuing incarceration," and found that the Due Process Clause of the Fifth Amendment requires that a criminal alien should be afforded an opportunity to be heard on the question of conditional release pending judicial review of a final administrative order of removal even where the execution of the removal has been stayed by judicial order sought by petitioner. <u>Oyedeji</u>, 332 F. Supp.2d at 753-754.

This Court need not reach the Fifth Amendment issue for several reasons. First, the facts in <u>Oyedeji</u> are very different from this case. Here, Harvey's custody since May 2004, when his case was reopened for review, is of relatively short duration in comparison to that in <u>Oyedeji</u>, who was placed in custody from 1999 and was still confined in 2004 pending the Second Circuit's review of his removal order. There is no indication that the petition for review in this case is lagging in the courts. Moreover, unlike in <u>Oyedeji</u>, Harvey has received an individualized and meaningful custody review, consistent with the Third Circuit's ruling in <u>Ngo v. INS</u>, 192 F.3d 390 (3d Cir. 1994),[6] and is scheduled for another custody review within a year

---

[6] In <u>Ngo</u>, the Third Circuit specified several rules that should be applied so as to give reasonable assurance of a fair consideration of a petitioner's application for conditional

after the April 2005 Decision to Continue Detention was rendered in this case.

Second, the overwhelming majority of courts do not support the district court's opinion in Oyedeji. The circuit courts to have considered this issue have consistently held that the six-month presumptively reasonable post-order removal period of Zadvydas is tolled when an alien requests a judicial stay of a removal order under review. See this Opinion at pp. 7-8, supra (citing cases). Finally, even if this issue was not settled, the Court finds that Harvey is not entitled to any greater custody reviews than that which the BICE has already provided him.

Therefore, the Court concludes that Harvey's detention is not governed by Zadvydas because that case governs those aliens who are detained beyond their removal period in 8 U.S.C. § 1231(a)(6). Here, Harvey's removal period has not commenced under 8 U.S.C. § 1231(a)(1)(B)(ii). Thus, his continued detention does not violate due process, and his petition will be denied as premature.

---

release pending removal: (1) advance written notice to alien of an opportunity to present information supporting release; (2) a right to representation at the review; (3) a right to an annual personal interview; (4) written explanations for a custody decision must be provided; (5) an opportunity for administrative review must be given; (6) custody reviews should occur every six months; and (7) a refusal to presume continued detention based on criminal history. Ngo, 192 F.3d at 399. These rules offer guiding principles by which to measure the current review procedures now in effect at 8 C.F.R. § 241.4.

## **CONCLUSION**

For the reasons set forth above, this petition will be denied without prejudice. An appropriate order follows.

                                          s/
                                   STANLEY R. CHESLER
                                   United States District Judge

Dated: 2/8/06